**Donald S. DURHAM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–06–00168–CR.**

Court of Appeals of Texas,
Eastland.

Aug. 16, 2007.

Stanley G. Schneider, Schneider & McKinney, P.C., Houston, for appellant.

Charles Rosenthal, Jr., Dist. Atty., Dan McCrory, Asst. Dist. Atty's Office, William J. Delmore, III, Asst. Crim. Dist. Atty's Office, Houston, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

A jury convicted Donald S. Durham of misdemeanor theft by a public servant. The trial court assessed punishment at confinement in the Harris County Jail for one year, but it suspended the imposition

of the sentence and placed appellant on community supervision for two years. The trial court also imposed a fine of $2,000. We affirm.

In his first two issues, appellant contends that the evidence is legally and factually insufficient to support his conviction. In order to determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex.Crim.App.2000). To determine if the evidence is factually sufficient, we review all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim.App.2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex.Crim.App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10–11 (Tex.Crim.App.2000); *Cain v. State*, 958 S.W.2d 404, 407–08 (Tex.Crim.App.1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). Then we determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414–15; *Johnson*, 23 S.W.3d at 10–11.

Appellant was employed as a Houston police officer. He injured his back after he slipped and fell while pursuing two suspects. The pain from the injury prevented appellant from returning to work.

The Houston Police Department had a written policy for injured employees. Appellant received and signed a copy of the policy. In the document, the Houston Police Department outlined appellant's responsibilities while on leave for his injury.

The policy contained the statement that an injured employee had an obligation as part of his job responsibilities to follow the procedures outlined in the policy. Some of the procedures were that injured employees must remain at home, comply with all doctor's instructions, call his supervisors each day, and keep his supervisors informed of his progress. Additionally, an injured person could not seek outside employment. Sergeant Mike Craig, a staff attorney with the Houston Police Department, explained that the language contained in the department's "Instructions for Classified Workers Injured on the Job" made it explicitly clear that the injured employee's home served as his new duty station. Appellant's assigned work hours during his disability leave were Monday through Friday from 9:00 a.m. to 5:00 p.m. Appellant received the equivalent of his complete salary while on disability leave.

Sergeant Darryl Baker served as appellants's primary contact person, and Sergeant Baker told appellant to contact her daily. Sergeant Baker testified that appellant failed to contact her regularly and that she had had a difficult time reaching appellant during the times that he was supposed to be at home. Even though appellant had signed a copy of the policy for injured employees, Sergeant Baker reminded him of his obligation to remain at home. Appellant acknowledged that he understood Sergeant Baker's instructions.

Sergeant William R. Rios of the Internal Affairs Division of the Houston Police Department conducted surveillance on appellant in order to determine whether he was violating the orders given to him while on injury duty. Sergeant Rios and his partner noticed that appellant frequently left his house and went to a business known as Personally Fit. Appellant's wife owned Personally Fit. Sergeant Rios set up an appointment to train at the gym. Appel-

lant arrived for their first workout at 4:45 p.m. Appellant trained Sergeant Rios and showed him how to exercise with weights. Sergeant Rios scheduled another appointment for November 2, 2005, at 1:00 p.m. When he arrived at the gym, Sergeant Rios noticed that appellant was already training another individual. Appellant again worked with Sergeant Rios. Sergeant Baker testified that appellant had called her on November 2, 2005, at 11:30 a.m. Appellant indicated to Sergeant Baker that he would be at home all day. Sergeant Baker called appellant back at 1:30 p.m., but appellant was not at home. Appellant returned Sergeant Baker's call at 2:30 p.m., but he did not tell Sergeant Baker that he had left his home that day.

Appellant supervised Sergeant Rios's workout again on November 7. Sergeant Baker received a phone call at 3:31 p.m. from appellant, and appellant told her that he was at home that day. The Houston Police Department paid appellant for a full eight hours of work on November 2 and on November 7.

Appellant contends that the evidence is both legally and factually insufficient to support his conviction. Appellant claims that he went to the gym in order to follow his doctor's instruction. Dr. Sam Alianell, appellant's doctor, testified that lifting weights served as part of appellant's rehabilitation process. Dr. Alianell also testified that it was important for appellant to maintain social contacts while recovering from his injury. Not only was the Houston Police Department policy clear that injured employees must follow doctor's instructions, but it was also clear that the injured employee must remain at home and must follow reporting requirements. Appellant views these instructions as inconsistent. We do not. Under the policy and the instructions, an injured employee could go to places of recovery but must report the place of recovery. Appellant

did not. The instructions were not inconsistent because appellant could have reported to the Houston Police Department that his doctor ordered him to lift weights and socialize. Furthermore, we note that appellant's activities at the gym were more consistent with the activities of a gym employee rather than of one recovering from an injury. Prior to his injury, appellant competed as an amateur bodybuilder.

Appellant also argues that the evidence is factually and legally insufficient because the City of Houston owed him money. He claims that two of his paychecks had been misplaced. If an accused proves by a preponderance of the evidence that he gave consideration for or had a legal interest in the property stolen, the amount of the consideration or the value of that interest is to be deducted from the value of the property stolen. TEX. PENAL CODE. ANN. § 31.08(d) (Vernon 2003). Appellant claims that he had a legal interest in the Treasury of the City of Houston equal to what the city owed him on the misplaced checks and that his consideration was his employment agreement with the City of Houston. Appellant urges that the legal interest he had in the checks offsets the amount that he allegedly stole. Appellant was the only person who testified that the checks were misplaced. Karen Colson, who was in charge of payroll, testified that she was not given notice of any missing checks for appellant. Under the standards for review of legal and factual sufficiency set out earlier in this opinion, we hold that the evidence is legally and factually sufficient to support the conviction. We overrule issues one and two.

■ Appellant urges in issue three that the district court did not have jurisdiction. The information alleges that appellant stole between $50 and $500, a Class B misdemeanor. TEX. PENAL CODE ANN. § 31.03(e)(2) (Vernon Supp.2006). Appellant argues that district courts only have

jurisdiction over misdemeanors that involve official misconduct. TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005). " 'Official misconduct' means an offense that is an intentional or knowing violation of a law committed by a public servant while acting in an official capacity as a public servant." TEX.CODE CRIM. PROC. ANN. art. 3.04(1) (Vernon 2005). Appellant urges that, for an offense to constitute official misconduct, it must be both willful and related to the duties of the office. To support his proposed definition of official misconduct, appellant relies upon the cases of *State v. Hall,* 829 S.W.2d 184 (Tex.Crim.App.1992), and *Gallagher v. State,* 690 S.W.2d 587 (Tex.Crim.App.1985). However, his reliance on those cases is misplaced because the cases were decided prior to the legislature's enactment of a definition for official misconduct. Appellant's activities fit within the statutory definition. The district court had jurisdiction over the matter, and we overrule issue three.

The judgment of the trial court is affirmed.